IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRANDON R. JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | 8:16CV133 |
| | ) | |
| V. | ) | |
| | ) | |
| STATE OF NEBRASKA, and | ) | **MEMORANDUM** |
| MARIO PEART, Warden, | ) | **AND ORDER** |
| | ) | |
| Respondents. | ) | |
| | ) | |

The court has conducted an initial review of the Petition for Writ of Habeas Corpus. (Filing No. 1) to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court.

Condensed and summarized for clarity, it appears the claims asserted by Petitioner are as follows:

Claim One:      Petitioner's trial counsel was ineffective because counsel (a) failed to file a motion to suppress; (b) failed to investigate the underlying facts, failed to call key witnesses, and failed to investigate criminal history of witnesses; (c) failed to consult experts in ballistics and pathology; (d) failed to raise an alibi defense; (e) failed to investigate Petitioner's mental health; (f) failed to assert that Petitioner was not given his Miranda rights and law enforcement improperly interrogated him while he was mentally ill and under the influence of drugs; and (g) failed to properly advise Petitioner of the maximum sentence that could be imposed.

Claim Two:      The evidence was insufficient to find him guilty

beyond a reasonable doubt.

Claim Three:     Petitioner's right to due process was violated
because he was mentally ill and heavily medicated
with both legal and illegal substances at the time of
the plea and sentencing.

Liberally construed, the court preliminarily decides that Petitioner's claims are
potentially cognizable in federal court.   However, the court cautions that no
determination has been made regarding the merits of these claims or any defenses
thereto or whether there are procedural bars that will prevent Petitioner from obtaining
the relief sought.

IT IS THEREFORE ORDERED that:

1.     Upon initial review of the Petition (Filing No. 1), the court preliminarily
determines that Petitioner's claims are potentially cognizable in federal court.

2.     By **August 27, 2016**, Respondent must file a motion for summary
judgment or state court records in support of an answer.   The clerk of the court is
directed to set a pro se case management deadline in this case using the following text:
**August 27, 2016**: deadline for Respondent to file state court records in support of
answer or motion for summary judgment.

3.     If Respondent elects to file a motion for summary judgment, the
following procedures must be followed by Respondent and Petitioner:

A.     The motion for summary judgment must be accompanied by a
separate brief, submitted at the time the motion is filed.

B.     The motion for summary judgment must be supported by any state
court records that are necessary to support the motion.   Those
records must be contained in a separate filing entitled:

2

"Designation of  State Court Records in Support of Motion for Summary Judgment."

C.      Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's brief.  In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents.  Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.      No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment.  Petitioner may not  submit other documents unless  directed to do so by the court.

E.      No later than 30 days after Petitioner's brief is filed,  Respondent must file and serve a reply brief.  In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F.      If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.)  The documents must be filed no later than 30 days after the denial of the motion for summary judgment.  **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

4.      If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

A. By **August 27, 2016** Respondent must file <u>all</u> state court records that are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B. No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

4

F.      The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **September 26, 2016**: check for Respondent's answer and separate brief.

5.      No discovery shall be undertaken without leave of the court.  *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

DATED this 14th day of July, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge