IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRANDON R. JOHNSON,  )<br>   )<br>   Petitioner,  )<br>   )<br>V.  )<br>   )<br>STATE OF NEBRASKA, and  )<br>MARIO PEART, Warden,  )<br>   )<br>   Respondents.  )<br>   ) | 8:16CV133<br><br><br><br>**MEMORANDUM**<br>**AND ORDER** |

This matter is before the court on Petitioner's Petition for Writ of Habeas Corpus ("petition"). (Filing No. 1.) Respondents argue that the petition is barred by the limitations period set forth in 28 U.S.C. § 2244(d). The court agrees and will dismiss the petition with prejudice.

## BACKGROUND

Petitioner plead guilty to one count of robbery and one count of use of a firearm to commit a felony on March 14, 2001. (Filing No. 8-1 at CM/ECF pp. 1, 4; Filing No. 8-2 at CM/ECF p. 1.) On June 5, 2001, Petitioner appealed his conviction and sentences to the Nebraska Court of Appeals. (Filing No. 8-1 at CM/ECF p. 3; Filing No. 8-3 at CM/ECF p. 1.) On January 25, 2002, the Court of Appeals affirmed the judgment of the state district court. (Filing No. 8-3 at CM/ECF p. 2.) Petitioner did not file a petition for further review with the Nebraska Supreme Court, nor did he file a motion for postconviction relief in state court. (Filing No. 8-1 at CM/ECF pp. 2-3; Filing No. 8-3 at CM/ECF p. 2.)

Petitioner filed his habeas petition in this court on March 28, 2016. (Filing No. 1.)

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates. 28 U.S.C. § 2244(d)(1). Here, there is no doubt that Petitioner filed his petition for federal habeas relief more than one year from any of these four dates.

The statute of limitations relating to Petitioner's convictions began running on February 24, 2002, which is 30 days after the Nebraska Court of Appeals affirmed Petitioner's conviction on direct appeal. Gonzalez v. Thaler, 132 S. Ct. 641 (2012) (holding that when a state prisoner does not seek review in a State's highest court, the judgment becomes final for purposes of 28 U.S.C. § 2244(d)(1)(A) on the date that the time for seeking such review expires); Neb. Ct. R. App. P. § 2-102(F)(1) (stating that a petition for further review must be filed within 30 days after the release of the opinion of the Court of Appeals). Petitioner did not file a postconviction action in this case, which would have tolled the limitations period. See King v. Hobbs, 666 F.3d 1132, 1135 (8th Cir. 2012) (stating that the statute of limitations for habeas actions "is tolled while state post-conviction or other collateral review is pending"). Thus, because Petitioner did not file his habeas petition until March 28, 2016, this action is time-barred.

Petitioner did not respond to Respondents' summary judgment motion. Therefore, there has been no argument that Petitioner is entitled to equitable tolling or the protections of the miscarriage of justice exception. See Walker v. Norris, 436 F.3d 1026, 1032 (8th Cir. 2006); McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). The court sees no grounds for affording such relief. Accordingly, the habeas petition will be dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set for in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED:

1. Petitioner's petition is dismissed with prejudice, and the court will not issue a certificate of appealability in this matter.

2. The court will enter a separate judgment in accordance with this order.

DATED this 27th day of September, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge